PHILLIP A. TALBERT
Assistant United States Attorney
KEVIN C. KHASIGIAN
Assistant U. S. Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone:  (916) 554-2700

Attorneys for the United States

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 2:16-MC-00072-KJM-AC |
| Plaintiff, | CONSENT JUDGMENT OF FORFEITURE |
| v. | |
| APPROXIMATELY $10,420.00 IN U.S. CURRENCY, | |
| Defendant. | |

Pursuant to the Stipulation for Consent Judgment of Forfeiture, the Court finds:

1. On September 19, 2015, the United States Department of Agriculture, Forestry Service ("USDA Forest Service") seized Approximately $10,420.00 in U.S. Currency (the "defendant currency") during a traffic stop in Butte County, California.  The defendant currency was referred to the Federal Bureau of Investigation ("FBI") for federal forfeiture.

2. The FBI commenced administrative forfeiture proceedings, sending direct written notice to all known potential claimants and publishing notice to all others.  On or about September 19, 2015, the FBI received claims from Ivan A. Gutierrez ("Gutierrez") asserting ownership interest in the defendant currency.

3. The United States represents that it could show at a forfeiture trial that on September 19, 2015, the USDA Forest Service conducted a traffic stop on a vehicle driven by Gutierrez.  A law enforcement agent approached Gutierrez' vehicle and noticed an overwhelming smell of freshly

harvested marijuana emanating from the vehicle. The agent asked Gutierrez if he had any marijuana in the car, and Gutierrez admitted to having a marijuana joint. The agent asked Gutierrez to exit the vehicle. The agent performed a search of Gutierrez and located two bundles of cash in Gutierrez' right front pocket. The cash totaled $2,000.00 in $20 bills. The agent asked Gutierrez if he had any other cash, and Gutierrez said, "no."

4. The United States represents that it could further show at a forfeiture trial that the agent performed a search of Gutierrez' vehicle and discovered a clear jar containing green marijuana buds, a brown grocery bag with approximately 1 pound 4 ounces of green leafy buds, and a large backpack containing approximately 2.5 pounds of green marijuana. The agent also located $8,420.00 in cash in the backpack. Gutierrez told the agent the marijuana was from his 215 grow and the cash was earnings from doing yard work and various odd jobs for people.

5. The United States could further show at a forfeiture trial that the defendant currency is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6).

6. Without admitting the truth of the factual assertions contained in this stipulation, claimant specifically denying the same, and for the purpose of reaching an amicable resolution and compromise of this matter, claimant agrees that an adequate factual basis exists to support forfeiture of the defendant currency. Ivan A. Gutierrez hereby acknowledges that he is the sole owner of the defendant currency, and that no other person or entity has any legitimate claim of interest therein. Should any person or entity institute any kind of claim or action against the government with regard to its forfeiture of the defendant currency, claimant shall hold harmless and indemnify the United States, as set forth below.

7. This Court has jurisdiction in this matter pursuant to 28 U.S.C. §§ 1345 and 1355, as this is the judicial district in which acts or omissions giving rise to the forfeiture occurred.

8. This Court has venue pursuant to 28 U.S.C. § 1395, as this is the judicial district in which the defendant currency was seized.

9. The parties herein desire to settle this matter pursuant to the terms of a duly executed Stipulation for Consent Judgment of Forfeiture.

/////

Based upon the above findings, and the files and records of the Court, it is hereby ORDERED AND ADJUDGED:

1. The Court adopts the Stipulation for Consent Judgment of Forfeiture entered into by and between the parties.

2. Upon entry of this Consent Judgment of Forfeiture, $5,210.00 of the Approximately $10,420.00 in U.S. Currency, together with any interest that may have accrued on the total amount seized, shall be forfeited to the United States pursuant to 21 U.S.C. § 881(a)(6), to be disposed of according to law.

3. Upon entry of this Consent Judgment of Forfeiture, but no later than 60 days thereafter, $5,210.00 of the Approximately $10,420.00 in U.S. Currency shall be returned to Ivan A. Gutierrez through his attorney David W. Dratman.

4. The United States of America and its servants, agents, and employees and all other public entities, their servants, agents and employees, are released from any and all liability arising out of or in any way connected with the seizure or forfeiture of the defendant currency.  This is a full and final release applying to all unknown and unanticipated injuries, and/or damages arising out of said seizure or forfeiture, as well as to those now known or disclosed.  Claimant waived the provisions of California Civil Code § 1542.

5. No portion of the stipulated settlement, including statements or admissions made therein, shall be admissible in any criminal action pursuant to Rules 408 and 410(a)(4) of the Federal Rules of Evidence.

6. All parties will bear their own costs and attorney's fees.

7. Pursuant to the Stipulation for Consent Judgment of Forfeiture filed herein, the Court enters a Certificate of Reasonable Cause pursuant to 28 U.S.C. § 2465, that there was reasonable cause for the seizure of the above-described defendant currency.

IT IS SO ORDERED

DATED: May 18, 2016

_____
UNITED STATES DISTRICT JUDGE

Consent Judgment of Forfeiture